UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BANK OF AMERICA, N.A.,

         Plaintiff,

         v.

BANK BUILDING ASSOCIATES, et al.

         Defendants.

Civil Action No. 09-6271 (JAP)

**OPINION**

      Plaintiff, Bank of America, N.A., ("BOA") brings this action against Defendants Bank Building Associates LP ("BBA"), Berger & Bornstein PA (the "Firm"), Lawrence S. Berger, and Robert Bornstein (collectively, "Defendants") seeking to recover amounts BOA claims it erroneously paid in real estate taxes, water and sewer fees and property insurance with respect to property located in South Brunswick, New Jersey, owned by BBA (the "Premises"). BOA, who occupied the Premises until May 2005 as a tenant of BBA, inadvertently and erroneously continued to pay these taxes, fees and insurance premiums after its lease concluded and it vacated the property.[1] The monies allegedly paid in error amounted to over $411,000 in property taxes, $25,000 in water and sewer charges, and $65,000 in property insurance.

      The complaint alleges that BBA had not made any payments for real estate taxes since BOA vacated the premises in 2005. Nevertheless, BBA, represented by the law firm Berger & Bornstein, successfully prosecuted a tax appeal and received a refund for the years 2007

---

[1] In addressing a motion to dismiss, the Court must accept as true the allegations contained in a complaint. *See Toys "R" US, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996). Accordingly, the facts recited herein are taken from the complaint unless otherwise indicated and do not represent this Court's factual findings.

and 2008 totaling over $47,000. Plaintiff's complaint includes claims for unjust enrichment, conversion, fraud, and violation of New Jersey's Racketeer Influenced and Corrupt Organizations ("RICO") statute, N.J.S.A. 2C-41-1.

Presently before the Court is Defendants' motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). The Court heard oral argument on September 2, 2010, at which the Court announced its decision to grant the motion in part and dismiss (1) Plaintiff's claims against Defendant Robert Bornstein; and (2) Plaintiff's RICO claim for failure to state a claim upon which relief could be granted. The Court advised the parties that the instant Opinion and Order would follow.

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. The Supreme Court set forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 555 (internal citations omitted). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ..." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 2009 WL 2501662, *5 (3d Cir. August 18, 2009) (citations omitted).

Turning first to the claims against Defendant Bornstein, the Court notes that the factual allegations in the complaint with respect to Bornstein are fairly limited. According to the complaint, Bornstein is a partner in the Firm. It is alleged that as a lawyer in the Firm Bornstein participated in the tax appeal proceedings that resulted in a tax refund to BBA despite possessing knowledge that BBA had not paid real estate taxes since 2005 and, further, "he failed to advise the Tax Court, the Township of South Brunswick or BOA of these facts." Amended Complaint at ¶ 16. While these allegations possibly raise ethical concerns, the Court finds they are not sufficient to state a claim against Bornstein for unjust enrichment, conversion, fraud, or violation of the RICO statute. Plaintiff's claims against Bornstein, therefore, shall be dismissed.

Plaintiff's RICO claim similarly fails to withstand scrutiny. A claim under New Jersey's RICO statute

> requires the existence of an enterprise; that the enterprise consist of an organization engaged in a high degree of planning, cooperation and coordination; that the properly defined enterprise engaged in, or its activities affect, trade or commerce; that a defendant was employed by or associated with the enterprise; and that defendant participated through a pattern of racketeering activity separate from the enterprise.

*Wade v. Amanda Rinkleur & Assoc., Inc.*, 2006 WL 709607, 2 (N.J. Super. App. Div., March 17, 2006) (citing *State v. Ball*, 141 N.J. 142, 160-163 (1995)).  A "[p]attern of racketeering activity" requires "[e]ngaging in at least two incidents of racketeering conduct" that "embrace criminal conduct" and are "interrelated." N.J.S.A. 2C:41-1(d); *State v. Cagno*, 409 N.J. Super. 552, 597, 978 A.2d 921, 950 (App. Div. 2009).  While the complaint baldly alleges the existence of an "enterprise" and that Defendants "committed and/or conspire[ed] to commit on several occasions two or more crimes," the complaint simply does not contain sufficient factual support to state a claim for a RICO violation.  *See Twombly*, 550 U.S. at 555.  Consequently, Plaintiff's RICO claim fails.

With respect to Plaintiff's remaining claims, the Court shall deny Defendants' motion without prejudice.  Plaintiff shall be granted leave to amend its complaint to correct, if possible, any deficiencies identified herein and to add additional causes of action if appropriate.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Date:  November 15, 2010