NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ACORDA THERAPEUTICS INC., )
)
Plaintiff, )
)
v. ) Civil Action No. 07-4937 (GEB-MCA)
)
APOTEX INC. and APOTEX CORP. ) **MEMORANDUM OPINION**
) **AND ORDER**
)
Defendants. )

**BROWN, Chief Judge**

This matter having come before the Court upon Plaintiff's December 17, 2010 letter (Doc. No. 96) requesting the Court strike the supplemental expert report of Defendants' expert, Dr. Jarosz; and Defendants having opposed that request (Doc. No. 97); and the Court having considered the parties' submissions (Doc. Nos. 96-99) and decided the request without oral argument pursuant to Federal Rule of Civil Procedure 78.  The Court finds that:

1. *Meyers v. Pennypack Woods Home Ownership Association* sets forth four factors that a court should consider when exercising its discretion to allow or exclude evidence a party submits in a manner contrary the court's scheduling order or the rules of procedure.  559 F.2d 894, 905 (3d Cir. 1977) (permitting testimony by two fact witnesses omitted from plaintiff's pretrial memorandum), *overruled on other grounds by Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985); s*ee also  Kotes v. Super Fresh Food Markets, Inc.*, 157 F.R.D. 18, 20 (E.D.Pa. 1994) (applying the same factors to failing to comply with a court's schedule). These factors are:  (1) the prejudice or surprise in fact of the party against whom the evidence

is to be presented; (2) the ability of that party to cure the prejudice; (3) the extent to which the waiver of the schedule would disrupt the orderly and efficient trial of the case; and (4) bad faith or willfulness in failing to comply with the court's order. *See Meyers*, 559 F.2d at 905; *Kotes*, 157 F.R.D. at 20.

2. Plaintiff will suffer only minimal prejudice if the Court allows Defendants to supplement the expert report and any such prejudice can be cured. The expert report is narrowly drawn to the anticipation of a single patent and was served on December 2, 2010, almost three months before the end of expert discovery. Any minimal prejudice can be cured by allowing a supplemental response to that report. Indeed, as reflected in Defendants' January 5, 2011 letter, Plaintiff has already served expert reports that respond to the report at issue.

3. There will be minimal if any disruption of the orderly and efficient trial of the case. As discussed, expert discovery closes on February 25, 2011, and Plaintiff has already served responses to the supplemental report.

4. There was no bad faith or willfulness on the part of Defendants. While the Court does not agree that the supplemental expert report was necessitated by a change Plaintiff's position on the scope of the claim term "multiparticulate pharmaceutical composition," it finds that, at worst, Defendants mistakenly believed Plaintiff took a different position on the term or Defendants' expert mistakenly omitted the anticipation opinion.

5. Finally, the Court notes that there would be substantial prejudice to Defendants if they were unable to supplement the report – their expert would be unable to testify to anticipation at trial.

Therefore, for the foregoing reasons:

IT IS THIS 5th day of January, 2011, hereby

    ORDERED that Plaintiff's request to strike the untimely supplemental expert report is DENIED;

    ORDERED that Plaintiff's responses to Dr. Jarosz's supplemental expert reports are proper.

    /s/ Garrett E. Brown, Jr.
    GARRETT E. BROWN, JR., U.S.D.J.